# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAYPAL, INC., <br> 2211 North First Street <br> San Jose, CA 95131, <br><br> *Plaintiff*, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, <br> 1700 G Street NW <br> Washington, DC 20552, <br><br> and <br><br> KATHY KRANINGER, in her official capacity as Director, Consumer Financial Protection Bureau, <br> 1700 G Street NW <br> Washington, DC 20552, <br><br> *Defendants*. | Civil Action No. 19-3700 (RJL) |

## JOINT MOTION FOR SCHEDULING ORDER

In response to the Court's Minute Order of March 16, 2020, Plaintiff PayPal, Inc. ("PayPal") and Defendants Kathy Kraninger and the Consumer Financial Protection Bureau ("CFPB") have conferred and respectfully move the Court to enter the proposed schedule below for this action.

1. On November 22, 2016, the CFPB promulgated a final rule entitled "Prepaid Accounts Under the Electronic Fund Transfer Act (Regulation E) and the Truth in Lending Act (Regulation Z)" Rule ("the Rule"). 81 Fed. Reg. 83,934 (Nov. 22, 2016). After the CFPB

amended the Rule and delayed its implementation date, *see* 82 Fed. Reg. 18,975 (Apr. 25, 2017); 83 Fed. Reg. 6364 (Feb. 13, 2018), the Rule went into effect on April 1, 2019.

2. PayPal filed its complaint on December 11, 2019, Dkt. 1, bringing claims pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the First Amendment.

3. Defendants have not yet filed an answer. An answer or other response is currently due on or before April 13, 2020. *See* Minute Order (Mar. 16, 2020).

4. Pursuant to Local Civil Rule 7(n)(1), unless otherwise ordered by the Court, Defendants must file a certified list of the contents of the Administrative Record with the Court "within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first."

5. The parties agree that they have no present intention to rely on evidence outside of the Administrative Record, which will be composed of material that was directly or indirectly considered by the agency decisionmaker at the time the Bureau adopted the Rule, to support their claims or defenses on the merits. Accordingly, the parties agree that this case is an "action for review on an administrative record" that is exempt from the meet-and-confer requirements in Federal Rule of Civil Procedure 26(f) and Local Rule 16.3. *See* Local R. 16.3(b)(1); *see also* Dkt. 4 at 2 n.1. In the event that either party later seeks to rely on evidence outside of the Administrative Record, the parties agree to meet and confer regarding whether a modified Scheduling Order for any discovery and/or a new schedule for summary judgment briefing is appropriate. Following that conference, both parties reserve the right to propose a modified schedule to the Court.

6. Furthermore, the parties believe that this matter "will be resolved solely through the filing of dispositive motions." Dkt. 4 at 2 n.1. In accordance with this Court's Case Management Order, *see* Dkt. 4, the parties have conferred and agree on a proposed schedule set forth below. This proposed schedule affords Defendants sufficient time to compile the Administrative Record and establishes a schedule for cross-motions for summary judgment. That proposal also reflects the parties' agreement on reasonable page-length limitations for summary judgment practice.

7. The parties accordingly request that the Court enter the following schedule:

   a. Defendants shall file a certified list of the contents of the Administrative Record with the Court on or before April 1, 2020, and must transmit by electronic or hard copy a complete copy of the Administrative Record to PayPal by the same date.[1]

   b. Defendants will answer or otherwise respond to Plaintiff's complaint on or before April 13, 2020.

   c. PayPal shall file any motion for summary judgment on or before May 6, 2020. That filing shall not exceed 45 pages.

   d. Defendants shall file any cross-motion for summary judgment, together with any opposition to PayPal's motion for summary judgment, on or before July 7, 2020. That filing shall not exceed 60 pages.

---

[1] The parties agree that PayPal has not waived its ability to serve Defendants with any objections, comments, or questions regarding the Administrative Record, and/or to file any motions objecting to the contents of the Administrative Record, including by arguing that additional materials should be included in the Administrative Record, prior to the beginning of summary judgment briefing. The parties further agree to confer and jointly propose to the Court a new schedule for summary judgment briefing should any disputes over the contents of the Administrative Record arise between the parties.

3

  e.  PayPal shall file any combined reply in support of its motion for summary judgment and opposition to Defendants' motion for summary judgment on or before August 21, 2020. That filing shall not exceed 45 pages.

  f.  Defendants shall file any reply in support of their motion for summary judgment on or before September 25, 2020. That filing shall not exceed 30 pages.[2]

8. If this proposed joint scheduling order is acceptable to the Court, a status conference prior to the completion of briefing may be unnecessary—although the parties, of course, stand ready to participate if the Court deems a status conference useful.

9. In accordance with this Court's Case Management Order, *see* Dkt. 4 at 2 n.1, the parties do not believe that a court appearance will be necessary to resolve this matter but respectfully submit that, upon the completion of briefing, oral argument will be useful to the Court prior to its resolution of the dispositive motions. The parties respectfully request that the Court hold oral argument as soon as is reasonably convenient for the Court after the completion of summary judgment briefing.

---

[2] In light of the evolving circumstances surrounding the COVID-19 epidemic, the parties commit to working with each other and the Court to address the need for any future modifications to this schedule.

Dated: March 24, 2020

MARY McLEOD
General Counsel
JOHN R. COLEMAN
Deputy General Counsel
STEVEN Y. BRESSLER
Assistant General Counsel

/s/ Kristin Bateman
KRISTIN BATEMAN (Cal. Bar No. 270913)
Senior Counsel
JULIA SZYBALA (D.C. Bar No. 1008962)
Senior Counsel
Consumer Financial Protection Bureau
1700 G Street, NW
Legal Division
Washington, D.C. 20552
Telephone: (202) 435-7821
Fax: (202) 435-7024
Kristin.Bateman@cfpb.gov
Julia.Szybala@cfpb.gov

*Counsel for Defendants Kathy Kraninger and the Consumer Financial Protection Bureau*

Respectfully submitted,

/s/ Daniel P. Kearney
Daniel P. Kearney (D.C. Bar No. 977148)
Kelly P. Dunbar (D.C. Bar No. 500038)
James D. Barton (D.C. Bar No. 888283830)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
daniel.kearney@wilmerhale.com
kelly.dunbar@wilmerhale.com
james.barton@wilmerhale.com

*Counsel for Plaintiff PayPal, Inc.*