# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAYPAL, INC. | |
| Plaintiff, | |
| v. | Case No. 1:19-CV-03700-RJL |
| CONSUMER FINANCIAL PROTECTION BUREAU and KATHY KRANINGER, in her official capacity as Director of the Consumer Financial Protection Bureau, | |
| Defendants. | |

## ANSWER

Defendants Consumer Financial Protection Bureau ("Bureau") and Kathy Kraninger, in her official capacity of as Director of the Bureau, hereby answer Plaintiff PayPal's complaint, filed on December 11, 2019 (ECF No. 1). Defendants deny each allegation in the complaint not specifically admitted. Defendants further answer the numbered paragraphs of the complaint as follows:

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2. The first sentence of this paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required. To the extent a response is deemed to be required, denied. The allegations in the second sentence are denied on information and belief. By way of further answer, Defendants note that the terms "misunderstandings," "confusion," and "significant benefits" used in the second sentence are vague. The third sentence's characterization of what the Bureau's rule entitled "Prepaid Accounts Under the Electronic Fund Transfer Act (Regulation E) and the Truth in Lending Act (Regulation Z)" ("the Rule" or

"Prepaid Rule")[1] "emerged from" is vague, and Defendants accordingly deny the allegation and refer the Court to the 2016 Rule, which details the relevant background and the rulemaking process.  The fourth and fifth sentences consist of Plaintiff's characterization of general purpose reloadable (GPR) cards. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of GPR cards, *see, e.g.*, 81 Fed. Reg. at 83936-40, and otherwise deny the allegations in these sentences to the extent that they are inconsistent with that description.  By way of further answer, Defendants note that the fourth and fifth sentences' references to what characteristics GPR cards "typically" and "generally" have are vague.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph.  The second and third sentences consist of Plaintiff's characterization of "digital wallets." Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of digital wallets, *see, e.g.*, 81 Fed. Reg. at 83943, and otherwise deny the allegations to the extent that they are inconsistent with that description. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remaining sentences of this paragraph.

4. The first and last sentences of this paragraph consist in part of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.  The first and last sentences also contain characterizations of the Prepaid Rule. Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.  The second sentence characterizes comments PayPal submitted during the rulemaking process.  Defendants respectfully refer the Court to those comments for a full and accurate statement of their contents and otherwise deny the allegation to the extent that it is inconsistent with those comments.[2]  By

---

[1] Footnote 1 of the Complaint indicates that the Complaint's references to the "Rule" or "Prepaid Rule" correspond to several related final rules that collectively implement the regulations at issue here.  This Answer likewise refers to some or all of the following final rules when referring to the "Rule":  81 Fed. Reg. 83,934 (Nov. 22, 2016) (2016 Rule); 82 Fed. Reg. 18,975 (Apr. 25, 2017) (delaying effective date of most of the 2016 Rule until April 1, 2018); 83 Fed. Reg. 6364 (Feb. 13, 2018) (amending the 2016 Rule and delaying its effective date until April 1, 2019).
[2] *See* Comment Letter from John Muller to Monica Jackson (Mar. 23, 2015), CFPB-2014-0031-3820, *available at* https://www.regulations.gov/document?D=CFPB-2014-0031-3820; Comment letter from Jeffrey Levine to Monica Jackson (Apr. 5, 2017), CFPB-2017-0008-0020, *available at* https://www.regulations.gov/document?D=CFPB-2017-0008-0020; Comment letter from

way of further answer, Defendants note that "extensively" is vague and accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first clause of the second sentence of this paragraph, except to aver that PayPal submitted comments during the rulemaking.

5. This paragraph consists of characterizations of the 2016 Rule and the related notice of proposed rulemaking.  The Bureau respectfully refers the Court to those documents, 79 Fed. Reg. 77110 (Dec. 23, 2014); 81 Fed. Reg. 83934 (Nov. 22, 2016), for a full and accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those documents.

6. The first sentence of this paragraph is denied. The second sentence characterizes how the Prepaid Rule applies to a particular set of facts. This is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first half of the sentence that the Rule requires PayPal to make "disclosures concerning fees that PayPal does not charge," except to aver that the Rule does require certain disclosures even where a fee is $0 or a feature is not offered.  As for the second half of the second sentence, Defendants deny that the Rule requires PayPal to "misrepresent the actual fees paid by most customers." The third sentence is denied.  The fourth through eighth sentences of this paragraph contain characterizations of the Prepaid Rule. Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule. The ninth sentence characterizes how the Prepaid Rule applies to a particular set of facts.  This is a legal conclusion to which no response is required. To the extent that a response is deemed required, the first clause of the sentence is denied on information and belief and the second clause of the sentence is denied.

7. This paragraph characterize how the Prepaid Rule applies to a particular set of facts. This is a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and aver that PayPal has submitted a short-form disclosure to the Bureau

---

Jeffrey Levine to Monica Jackson (Aug. 14, 2017), CFPB-2017-0015-0021, *available at* https://www.regulations.gov/document?D=CFPB-2017-0015-0021.

indicating that the disclosure reproduced in this paragraph is what it discloses to consumers of one of its products.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except to aver that the most recent disclosures that PayPal has submitted to the Bureau for the PayPal Cash, PayPal Cash Plus, and Venmo accounts indicate that, for those accounts, PayPal represents that it does not charge fees for purchases, to send money to other PayPal accounts in the United States, or to make a non-instant transfer of money to a bank account.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except to aver that the most recent disclosures that PayPal has submitted to the Bureau for the PayPal Cash, PayPal Cash Plus, and Venmo accounts indicate that, for those accounts, PayPal represents that it does not charge purchase fees, fees for holding funds in the account, or fees for non-instant transfers of funds to a linked bank account.  By way of further answer, Defendants also aver, on information and belief, that PayPal does charge a monthly fee for having an account for another product.

10. This paragraph characterizes the Prepaid Rule. Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

11. The first and third sentences of this paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied.  The second sentence of this paragraph is denied.

12. This paragraph contains Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, denied.

13. This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

14. This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied, except to admit the existence of statutory provision cited in footnote 5, 5 U.S.C. § 706(2)(C), and to respectfully refer the Court to the statute for a full and accurate statement of its contents.

15. The first sentence of this paragraph, which characterizes the Electronic Fund Transfer Act (EFTA), consists of conclusions of law to which no response is required.  To the extent a

response is deemed to be required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute.  The second, third, and fifth sentences of this paragraph contain conclusions of law and characterizations of the Prepaid Rule, to which no response is required.  To the extent a response is deemed required, denied, except to respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.  The fourth sentence of this paragraph is denied.

16. The first sentence of this paragraph characterizes the content of the preamble to the Prepaid Rule. Defendants respectfully refer the Court to the Rule for a complete and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.  The second and third sentences, which characterize the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*, consist of conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.  The second sentence also contains a conclusion of law to which no response is required.  To the extent a response is deemed required, denied. The first clause of footnote 10 contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants admit that TILA permits the Bureau to require certain disclosures but deny that it permits disclosures only in "situations not germane to the circumstances here."  The second clause of footnote 10 characterizes the content of the preamble to the Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a complete and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.

17. This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

18. The first two sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is deemed required, denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations about PayPal's products in the third sentence of this paragraph. The fourth and fifth sentences of this paragraph consist of Plaintiff's characterization of GPR cards and digital wallets.  Defendants note that the terms "digital wallet customers," "primarily," "typically," and "drove" as used in

the fourth and fifth sentences are vague, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of these sentences on that basis, except to respectfully refer the Court to the preamble of the Rule for an accurate description of GPR cards and digital wallets, *see, e.g.*, 81 Fed. Reg. at 83936-40, 83943, and otherwise deny the allegations describing those products in these sentences to the extent that they are inconsistent with that description.

19. The paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

20. The first, fourth, and sixth sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is deemed required, denied.  The second and third sentences, which consist of Plaintiff's characterization of section 1022(b)(2)(A) of the Dodd-Frank Act, 12 U.S.C. § 5512(b)(2)(A), consist of conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.  The fifth sentence consists of Plaintiff's characterization of the Prepaid Rule's cost-benefit section.  Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations in this sentence to the extent that they are inconsistent with that document.

21. The first two sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is deemed required, denied.  The third sentence characterizes how the Prepaid Rule applies to a particular set of facts.  These are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Rule for a full and accurate statement of its requirements and otherwise deny the allegations.  By way of further answer, to the extent that the third sentence reflects facts about PayPal's current products, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

22. This paragraph contains characterizations of the Bureau's Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with the Rule.

23. The first, second, and fourth sentences of this paragraph are denied.  The third sentence of this paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

24. This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

25. The first sentence of this paragraph consists of characterization of this lawsuit to which no response is required.  The second and third sentences consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that this case presents a federal question under 28 U.S.C. § 1331 and otherwise deny the allegations.

26. This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants admit on information and belief that PayPal has standing to bring this action.

27. This paragraph contains legal conclusions regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants admit that venue is proper in this district.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and note that the term "leading" is vague.  Defendants admit the allegations of the second and third sentences of this paragraph upon information and belief.

29. Admitted.

30. Admitted.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and note that the term "leading" is vague. Defendants admit the allegations of the second and third sentences of this paragraph upon information and belief.  The fourth sentence contains conclusions of law to which no response is required.  To the extent a response is deemed required, admitted.

 32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of this paragraph, and further note that the term "main" as used in the first sentence is vague.  The second sentence consists of Plaintiff's

characterization of "digital wallets."  Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of digital wallets, *see, e.g.*, 81 Fed. Reg. at 83943, and otherwise deny the allegations to the extent that they are inconsistent with that description.  By way of further answer, Defendants note that the terms "digital wallets" and "primarily" as used in this sentence are vague.

34. The first and second sentences of this paragraph consist of Plaintiff's characterization of "digital wallets."  Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of digital wallets, *see, e.g.*, 81 Fed. Reg. at 83943, and otherwise deny the allegations to the extent that they are inconsistent with that description.  As for the final sentence of this paragraph, the reference to "digital wallet providers like PayPal" is vague, and Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence.

35. The references to "the digital wallet provider" and "complete transactions on the consumer's behalf" in the first sentence of this paragraph are vague, and Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegation.  The second and third sentences are admitted on information and belief.  The references to "especially" in the fourth sentence is vague, and Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegation in that sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of this paragraph.  Defendants note that the references to "core" and "the service" in the sixth sentence are vague, and Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegation in this sentence.

36. This paragraph consists of Plaintiff's characterization of general purpose reloadable (GPR) cards.  Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of GPR cards, *see, e.g.*, 81 Fed. Reg. at 83936-40, and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with that description.  By way of further answer, Defendants note that the term "generally" is vague.

37. Defendants note that the reference to "limited circumstances" in the first sentence of this paragraph is vague, and Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of

this paragraph, except to aver that the most recent disclosures that PayPal has submitted to the Bureau for its PayPal Cash, PayPal Cash Plus, and Venmo accounts indicate that, for those accounts, PayPal does not charge fees to transfer a balance from a PayPal account to a linked bank account (or, for PayPal Cash and PayPal CashPlus, to a debit card) using the default standard service and that customers can pay a 1% fee, capped at $10, for expedited service that effectuates the transfer "instantly." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph, except to aver that the most recent disclosures that PayPal has submitted to the Bureau for its PayPal Cash, PayPal Cash Plus, and Venmo accounts indicate that, for those accounts, PayPal does not charge fees to open or maintain the accounts, to make purchases from merchants, or to obtain customer service. By way of further answer, Defendants also aver, on information and belief, that PayPal does charge a monthly fee for having an account for another product. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of this paragraph.

38. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegation is denied as incomplete.

39. As to the allegations of the first sentence, Defendants admit that EFTA was enacted in 1978 after it was passed by Congress and signed by the President. The second and third sentences, which characterize the Electronic Fund Transfer Act (EFTA), consist of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to EFTA for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

40. This paragraph, which characterizes EFTA as enacted in 1978 and amendments to EFTA made by the Dodd-Frank Act, contains conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to those laws for a full and accurate statement of their contents, Pub. L. No. 95-630 (1978); Pub. L. No. 111-203 (2010), and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with those statutes.

41. The first sentence of this paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants note that "carte blanche authority" is vague and Defendants accordingly lack knowledge or information sufficient to form

a belief as to the truth of the allegation.  The second sentence, which characterizes requirements set forth in 12 U.S.C. § 5512(b)(2), contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to that statutory provision for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute.  The remainder of this paragraph, which characterizes EFTA, contains conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

42. The first sentence makes a statement of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that the regulations first promulgated by the Board of Governors of the Federal Reserve Board to implement EFTA now reside in subpart A of Regulation E and otherwise deny the allegation.  The remainder of this paragraph describes the history of regulations that the Board of Governors of the Federal Reserve System promulgated to implement EFTA, as described in the preamble to the 2016 Rule. Defendants respectfully refer the Court to the preamble for its description of the Board's prior rulemakings and deny the allegations in these sentences to the extent they are inconsistent with that description.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph.  The third and fourth sentences contain Plaintiff's characterization of this lawsuit, to which no response is required.

44. This paragraph contains Plaintiff's characterization of the content of the preamble to the Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a complete and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.  This paragraph also contain a conclusion of law, to which no response is required.  To the extent a response is deemed required, denied.  By way of further answer, Defendants note that the reference to "principal" disclosure requirements is vague.

45. This paragraph, which characterizes the Truth In Lending Act (TILA), consists of conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to TILA for a full and accurate statement of its

contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

46. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, denied.

47. This paragraph, which characterizes TILA as enacted in 1968 and amendments to TILA made by the Dodd-Frank Act, consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to those laws for a full and accurate statement of their contents, Pub. L. No. 90-321 (1968); Pub. L. No. 111-203 (2010), and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with those statutes

48. The first and second sentences of this paragraph, which characterize TILA, consist of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to TILA for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. The third sentence makes a statement of law to which no response is required. To the extent that a response is deemed required, Defendants admit that regulations that the Bureau has promulgated to implement TILA are contained in Regulation Z.

49. The first clause of the first sentence of this paragraph, which characterizes TILA, consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute. The remainder of this paragraph consists of Plaintiff's characterization of the content of preamble to the Prepaid Rule. Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

50. Defendants admit that the Dodd-Frank Act was enacted in 2010 after it was passed by Congress and signed by the President. The remainder of the first two sentences of this paragraph, which characterize the Dodd-Frank Act, consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents and otherwise deny the allegations in these sentences to the extent that they are inconsistent with the statute. The

third sentence of this paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, denied.

51. This paragraph, which characterizes the Dodd-Frank Act, consists of conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

52. This paragraph characterizes the Bureau's Advanced Notice of Proposed Rulemaking (ANPR) published at 77 Fed. Reg. 30923 (May 24, 2012).  Defendants respectfully refer the Court to the ANPR for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that document.

53. Defendants deny the allegations of this paragraph except to admit that the ANPR does not use the term "digital wallets."

54. This paragraph characterizes the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule.

55. This paragraph characterizes the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule.

56. This paragraph characterizes the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule.

57. This paragraph characterize the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule.

58. The first and third sentences of this paragraph characterize a Summary of Findings of consumer testing of disclosures conducted in connection with development of the Rule.[3] Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that document.  The second sentence of this paragraph characterizes the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule.

59. The first sentence of this paragraph characterizes a Summary of Findings of consumer testing of disclosures conducted in connection with development of the Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014), and the 2016 Rule.[4]  Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those documents.  The second sentence characterizes the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule

60. This paragraph characterizes the Bureau's Proposed Rule published at 79 Fed. Reg. 77102 (Dec. 23, 2014).  Defendants respectfully refer the Court to the Proposed Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Proposed Rule.

61. This paragraph characterizes a comment PayPal submitted during the rulemaking process.[5]  Defendants respectfully refer the Court to that document for a full and accurate

---

[3] ICF International, "Summary of Findings: Design and Testing of Prepaid Card Fee Disclosures" (Nov. 2014), available at https://files.consumerfinance.gov/f/documents/201411_cfpb_summary-findings-design-testing-prepaid-card-disclosures.pdf.

[4] ICF International, "Summary of Findings: Design and Testing of Prepaid Card Fee Disclosures" (Nov. 2014), available at https://files.consumerfinance.gov/f/documents/201411_cfpb_summary-findings-design-testing-prepaid-card-disclosures.pdf.

[5] Comment Letter from John Muller to Monica Jackson (Mar. 23, 2015), CFPB-2014-0031-3820, available at https://www.regulations.gov/document?D=CFPB-2014-0031-3820.

statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.

62. This paragraph characterizes a comment PayPal submitted during the rulemaking process.[6]  Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.

63. This paragraph characterizes a comment PayPal submitted during the rulemaking process.[7]  Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.

64. Defendants admit that the Bureau finalized the Prepaid Rule on November 22, 2016 and established an effective date of October 1, 2017 for most provisions.  Otherwise, denied.

65. The first sentence of this paragraph is denied.  The second and third sentences of this paragraph characterize the Final Rule published at 81 Fed. Reg. 83934 (Nov. 22, 2016) (2016 Final Rule).  Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the contents of the 2016 Final Rule.

66. This paragraph characterizes the 2016 Final Rule.  Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the contents of the 2016 Final Rule.

67. This paragraph characterizes the 2016 Final Rule.  Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the contents of the 2016 Final Rule.

68. This paragraph characterizes the 2016 Final Rule.  Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the contents of the 2016 Final Rule.

69. This paragraph consists of Plaintiff's characterization of a notice of proposed rulemaking published at 82 Fed. Reg. 13782 (Mar. 15, 2017).  Defendants respectfully refer the

---

[6] *Id.*
[7] *Id.*

Court to that notice for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that notice.

70. This paragraph characterizes the Bureau's notice of proposed rulemaking published at 82 Fed. Reg. 13782 (Mar. 15, 2017). Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that notice.

71. This paragraph characterizes the Bureau's notice of proposed rulemaking published at 82 Fed. Reg. 13782 (Mar. 15, 2017). Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that notice.

72. This paragraph characterizes a comment PayPal submitted during the rulemaking process.[8] Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations.

73. The first sentence of this paragraph is admitted. The second sentence of this paragraph characterizes the Bureau's rule delaying the effective date of the Prepaid Rule. Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations.

74. The first sentence of this paragraph is admitted. The second sentence of this paragraph characterizes the Bureau's proposed amendments to the Prepaid Rule. Defendants respectfully refer the Court to that document, 82 Fed. Reg 29630 (June 29, 20107), for a full and accurate statement of its contents and otherwise deny the allegations.

75. This paragraph characterizes the Bureau's proposed amendments to the Prepaid Rule. Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations as incomplete.

76. The first sentence of this paragraph is admitted. The reminder of this paragraph characterizes a comment submitted by PayPal during the rulemaking process.[9] Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and

---

[8] Comment letter from Jeffrey Levine to Monica Jackson (Apr. 5, 2017), CFPB-2017-0008-0020, *available at* https://www.regulations.gov/document?D=CFPB-2017-0008-0020.

[9] Comment letter from Jeffrey Levine to Monica Jackson (Aug. 14, 2017), CFPB-2017-0015-0021, *available at* https://www.regulations.gov/document?D=CFPB-2017-0015-0021.

otherwise deny the allegations in these sentences to the extent that they are inconsistent with that document.

77. This paragraph characterizes the final rule published at 83 Fed. Reg. 6364 (Feb. 13, 2018). Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that Rule.

78. The second and fourth sentences of this paragraph contain Plaintiff's characterization of the Rule. Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that Rule. The fifth sentence of this paragraph is denied on information and belief. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

79. Defendants incorporate by reference paragraphs 1-78 as if set forth fully herein.

80. This paragraph consists of a statement of law to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute.

81. This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is deemed to be required, denied

82. The first sentence of this paragraph and the first clause of the second sentence, which characterize EFTA, consist of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to EFTA for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. The second and third clauses of the second sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, denied.

83. This paragraph, which characterizes EFTA, consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to EFTA for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

84. This paragraph characterizes the Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

85. This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, denied.  This paragraph also includes Plaintiff's characterizations of the Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

86. This paragraph consists of a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, denied.

87. Defendants incorporate by reference paragraphs 1-86 as if set forth fully herein.

88. This paragraph consists of a statement of law to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute.

89. The first sentence of this paragraph characterizes the Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.  The second sentence of this paragraph consists of a legal conclusion to which no response is required.  To the extent that a response is deemed required, denied.

90. The first sentence of this paragraph characterizes the content of the preamble to the 2016 Rule, 81 Fed. Reg. at 83934.  Defendants respectfully refer the Court to the Rule for a complete and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that document.  The remainder of this paragraph, which characterizes TILA, consists of conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to TILA for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

91. The first sentence of this paragraph, which characterizes TILA, consists of conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants respectfully refer the Court to TILA for a full and accurate statement of its

contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. The second sentence of this paragraph, which characterizes TILA's implementing regulations, consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to those regulations, 12 C.F.R. pt. 1026, for a full and accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those regulations.

92. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, denied.

93. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, denied.

94. Defendants incorporate by reference paragraphs 1-93 as if set forth fully herein.

95. This paragraph consists of a statement of law to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute.

96. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, denied as incomplete.

97. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, denied.

98. The first sentence of this paragraph characterizes how the Prepaid Rule applies to a particular set of facts. These are legal conclusions to which no response is required. To the extent a response is deemed to be required, denied. The second sentence of this paragraph characterizes the preamble to the 2016 Rule. Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that document.

99. The first and third sentences of this paragraph characterize how prepaid accounts are acquired. Defendants respectfully refer the Court to the preamble to the Prepaid Rule, *e.g.*, 81 Fed. Reg. at 84008-14, for an accurate description of the acquisition process and otherwise deny the allegations in these sentences to the extent that they are inconsistent with that document. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is deemed required, denied. The final sentence of this paragraph characterizes the Rule.

Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the contents of that Rule.

100. The first four sentences of this paragraph characterize the preamble to the 2016 Rule. Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that document. The final sentence of this paragraph consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denied.

101. The first three sentences of this paragraph characterize the Prepaid Rule. Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule. The final sentence of this paragraph consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denied.

102. This paragraph consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denied.

103. Defendants incorporate by reference paragraphs 1-102 as if set forth fully herein.

104. This paragraph, which characterizes section 1022 of the Dodd-Frank Act, 12 U.S.C. § 5512, and the Administrative Procedure Act, consists of conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to those statutes for a full and accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those statutes.

105. This paragraph consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denied.

106. The first two sentences of this paragraph contain conclusions of law and characterizations of the Prepaid Rule, to which no response is required. To the extent a response is deemed required, denied, except to respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule. The final sentence of this paragraph is a legal conclusion to which no response is required. To the extent that a response is deemed required, denied.

107. The first sentence of this paragraph is denied. The first clause of the second sentence of this paragraph discusses fees paid by "digital wallet users'" to use their "digital

wallet accounts." Defendants note that the references to "digital wallet users" and "digital wallet accounts" are undefined and ambiguous and Defendants accordingly lack knowledge or information sufficient to form a belief about the truth of the allegations. By way of further answer, Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of fees charged by most digital wallets available at the time the 2016 Rule was adopted, *see, e.g.*, 81 Fed. Reg. at 83972. The second clause of the second sentence is denied. As for the third sentence of this paragraph, it contains a legal conclusion to which no response is required, but to the extent a response is deemed required, the Bureau denies the allegation except to admit that many accounts that consumers link to a digital wallet would be subject to disclosures under EFTA and TILA. Defendants deny the balance of the third sentence of this paragraph.

108. The first sentence of this paragraph is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence regarding what "PayPal's experience has shown," and further deny, on information and belief, that the Rule's short-form disclosure requirements caused the effects alleged in this sentence. The third sentence is denied on information and belief. By way of further answer to this paragraph, Defendants respectfully refer the Court to the preamble of the 2016 Final Rule, which discusses the benefits of the Rule's disclosure requirements.

109. Defendants deny the first half of this paragraph (through "issuers") on information and belief and further note that the reference to "offerings" is vague. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second half of this paragraph. By way of further answer, Defendants respectfully refer the Court to the preambles of the 2016 Final Rule and 2018 Rule, which discuss the benefits of the 30-day waiting period provision.

110. This paragraph consists of a legal conclusion to which no response is required. To the extent that a response is deemed required denied.

111. Paragraphs 1 through 110 are incorporated by reference as if set forth fully herein.

112. This paragraph consists of a statement of law to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the statute.

113. The first sentence of this paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is deemed required, denied.  The second and third sentences of this paragraph characterize the Prepaid Rule.  Defendants respectfully refer the Court to the Rule for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule, and expressly deny that the disclosures required by the Rule are "misleading."  The fourth and fifth sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is deemed required, denied.

114.  The first and third sentences of this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, denied.  The second sentence characterizes the preamble to the 2016 Rule, 81 Fed. Reg. 83934.  Defendants respectfully refer the Court to that Rule for a full and accurate statement of its contents and otherwise deny the allegations in the second sentence to the extent that they are inconsistent with that document.

115.  The first sentence of this paragraph consists of a legal conclusion to which no response is required.  To the extent that a response is deemed required, denied.  The second sentence of this paragraph consists of Plaintiff's characterization of a Supreme Court decision. Defendants respectfully refer the Court to that decision for a full and accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that decision.

116. This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

117. This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

118. This paragraph sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief it seeks or to any other relief in this action.

Dated: April 13, 2020                         Respectfully submitted,

                                              MARY McLEOD
                                              General Counsel

JOHN R. COLEMAN
Deputy General Counsel

STEVEN Y. BRESSLER
Assistant General Counsel

KRISTIN BATEMAN (Cal. Bar No. 270913)
Senior Counsel

/s/ Julia Szybala
JULIA SZYBALA (D.C. Bar No. 1008962)
Senior Counsel

Consumer Financial Protection Bureau
1700 G Street, NW
Legal Division
Washington, D.C. 20552
Telephone: (202) 435-9874
Fax: (202) 435-7024
Julia.Szybala@cfpb.gov

*Counsel for Defendants Consumer Financial
Protection Bureau and Kathy Kraninger*